FILED

August 10, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 7:15 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **TYRONE HOLDER,** | ) | |
| **Employee,** | ) | **Docket No.  2015-06-0840** |
| | ) | |
| **v.** | ) | **State File No. 68992-2015** |
| | ) | |
| **KYOWA AMERICA CORP.,** | ) | **Judge Joshua Davis Baker** |
| **Employer,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **MITSUI SUMITOMO INSURANCE** | ) | |
| **CO. OF NORTH AMERICA,** | ) | |
| **Carrier.** | ) | |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter came before the undersigned Workers' Compensation Judge on August 3, 2016, for hearing on Kyowa America Corp.'s Motion for Summary Judgment. Mr. Jeffrey Taylor, counsel for Kyowa, appeared. Mr. Holder did not appear or file a response to the motion.

### *Procedural History*

Mr. Holder filed a Petition for Benefit Determination seeking medical benefits for an alleged injury to his right ankle on October 22, 2015. The parties did not resolve the disputed issues through mediation; therefore, the Mediator issued a Dispute Certification Notice. Mr. Holder filed a Request for Expedited Hearing, and the Court conducted the hearing on April 26, 2016. Following the hearing, the Court issued an Expedited Hearing Order Denying Medical and Temporary Disability Benefits on April 28, 2016, holding Mr. Holder did not come forward with sufficient medical evidence from which the Court could determine he is likely to prevail on the merits at trial.

Kyowa subsequently filed Defendant's Motion to Dismiss on May 17, 2016, pursuant to Tennessee Compilation Rules & Regulations 0800-02-21.14(3). In light of

1

the Appeals Board holding in *Syph v. Food Choice Group, Inc.*, No. 2015-06-0288, 2016 TN Wrk. Comp. App. Bd. LEXIS 18 (Tenn. Workers' Comp. App. Bd. Apr. 21, 2016), the Court entered an Order directing Kyowa to file a motion in compliance with the Tennessee Rules of Civil Procedure. Kyowa then filed the instant Motion for Summary Judgment.

*Findings of the Court*

Motions for summary judgment are governed by Tennessee Code Annotated section 20-16-101 (2015) and Tennessee Rule of Civil Procedure 56. Rule 56.03 requires that a motion for summary judgment "be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." Aside from Rule 56, in 2011, the Tennessee General Assembly codified the burden of proof applicable to a motion for summary judgment filed by a party who does not bear the burden of proof at trial as follows:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
>
> > (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
> >
> > (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101 (2015); *Payne v. D and D Elec.,* No. 2014-01-0023, 2016 TN Wrk Comp. App. Bd. LEXIS 21, at *7-8 (Tenn. Workers' Comp. App. Bd. May 4, 2016).

The nonmoving party must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 265 (Tenn. 2015). Prior to *Rye*, trial and appellate courts were required to assume that the nonmoving party faced with a motion for summary judgment might, by the time of trial, produce evidence to support the nonmoving party's claim. *See Rye*, 477 S.W.3d at 261. However, with the passage of Tennessee Code Annotated section 20-16-101 and reexamination of the summary judgment standard in *Rye*, the burden falls to the nonmoving party to produce evidence to establish the essential elements of the nonmoving party's claim in response to the motion for summary judgment. "The focus is on the evidence the nonmoving party comes forward with *at the summary judgment stage*, not on hypothetical evidence that theoretically could be adduced . . . at a future

trial." *Id*. at 265 (emphasis added). Thus, in this case, Kyowa's summary judgment motion requires Mr. Holder to submit evidence establishing the essential elements of his workers' compensation claim.

The Court finds Kyowa's motion well taken on both procedural and substantive grounds. Mr. Holder failed to file any response to Kyowa's Motion for Summary Judgment as required by Rule 56.03 of the Tennessee Rules of Civil Procedure and Rule 4.02 of this Court's Practice and Procedures. Thus, the Court finds Kyowa's motion is unopposed. Further, Mr. Holder failed to appear at the hearing or otherwise come forward with any evidence that would "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party." *Id*. Finally, Mr. Holder appeared at his Expedited Hearing at which time the Court had opportunity to hear his testimony and, on April 28, 2016, denied his claim on grounds of compensability. The expedited hearing order stated, "[A]ll the evidence showed that Mr. Holder's right leg simply gave way, without foreign stimulus or employment hazard. Accordingly, the Court finds Mr. Holder's injury was idiopathic in nature and, therefore, not compensable." Because the Court found his injury was idiopathic and based that finding on Mr. Holder's testimony, the facts in the record could not lead a rational trier of fact to find in his favor. *Rye*, 477 S.W.3d at 265.

Accordingly, Kyowa's Motion for Summary Judgment is granted and Mr. Holder's claim is hereby dismissed with prejudice. The costs of this cause are taxed to Kyowa pursuant to Tennessee Compilation Rules and Regulations Rule 0800-02-21-.07 to be paid within five days of the entry of this order. In addition, Kyowa shall prepare and submit the SD-1 for this matter within ten days of the date of judgment.

**IT IS SO ORDERED.**

**ENTERED ON THIS THE 10TH DAY OF AUGUST, 2016**.

_____
**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Compensation Hearing Order to appeal the decision to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal your case to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within thirty calendar days* of the date the Workers' Compensation Judge entered the Compensation Hearing Order.

3. Serve a copy of the Compensation Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The party filing the notice of appeal, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within fifteen calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the party filing the appeal may file a joint statement of the evidence within fifteen calendar days of the filing of the Compensation Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board. *See* Tenn. Comp. R. & Regs. 0800-02-22-.03 (2015).

6. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Workers' Compensation Appeals Board, the appeal will be

4

docketed and assigned to an Appeals Board Judge for review. At that time, a docketing notice shall be sent to the parties. Thereafter, the parties have fifteen calendar days to submit briefs to the Appeals Board for consideration. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(3) (2015).

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, this Order will become final by operation of law thirty calendar days after entry, pursuant to Tennessee Code Annotated section 50-6-239(c)(7).**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on this the _10th_ day of August, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Tyrone Holder | ✓ | | ✓ | 4555 Jernigan Road<br>Cross Plains, TN 37049<br>Christywashington49@gmail.com |
| Jeffrey C. Taylor, Attorney | | | ✓ | jeff@taylorlawfirmtn.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**wc.courtclerk@tn.gov**

5